JOHN H. WILLIAMS, Respondent, *v.* CHESTER F. SHELLY, Appellant.

*Execution—Sale in Good Faith—Principal and Surety—Consideration—Liability.*

The assumption of a new liability is a good consideration to constitute the party assuming it a purchaser in good faith.

Where a surety of the parties purchased of them their stock of goods, and agreed to assume their liabilities, and to indemnify them against their indebtedness for the same, his relation as surety for them became changed to that of principal; and that change of relation and new liability furnished a sufficient consideration to constitute him a purchaser in good faith.

As against a purchaser in good faith, an execution does not become a lien on the personal chattels of the debtor until actual levy.

THIS action was brought in the Supreme Court to recover damages for the alleged conversion of a quantity of dry-goods by the Defendant.

Upon the trial at Circuit it was proved that Mitchell & Derry were, in the spring of 1857, carrying on mercantile business, as partners, in Niagara county. That at that time they went to New York, and agreed for the purchase of a large amount of goods. That some of the purchasers refused to deliver the goods without security. Thereupon Mitchell & Derry wrote to the Plaintiff to come to New York. That the Plaintiff went to the city, and there became surety for Mitchell & Derry for the price of the goods, which were then delivered and forwarded to the store occupied by Mitchell & Derry. The evidence was conflicting upon the question whether it was agreed · between the Plaintiff and Mitchell & Derry that the former should become a partner in the business. It was claimed, upon the part of the Plaintiff, that such an agreement was made.

On the twenty-first of May, 1857, an agreement in writing was entered into between the Plaintiff and Mitchell & Derry, by which the partnership was declared to be dissolved, and Mitchell & Derry transferred to the Plaintiff all their interest in the goods for which the Plaintiff had become security, and the Plaintiff

agreed to pay for said goods, and to indemnify Mitchell & Derry against their liability therefor. It was further proved that the Plaintiff took possession of the goods, and that the Defendant thereafter took and sold the goods.

On the part of the Defendant, it was proved that he was sheriff of Niagara county ; that before the twenty-first of May several executions were placed in his hands against Mitchell & Derry, with instructions not to levy until further directions ; that shortly before the 21st of May, another execution against Mitchell & Derry was placed in his hands for collection ; that he, shortly after the 21st of May, levied upon the goods in question, by virtue of such executions, and sold the same thereon.

The several judgments upon which the executions were issued, were proved, and evidence was given tending to show that Plaintiff was aware of the insolvent condition of Mitchell & Derry, and also of the existence of judgments against them. The Defendant's counsel requested the Judge to direct a verdict for the Defendant. This was refused, and the Defendant's counsel excepted. The counsel further requested the Court to charge the jury, that if the only consideration of the sale to the Plaintiff was the execution of the agreement, by which the Plaintiff agreed to assume and pay the debts therein specified, then the Plaintiff was not a purchaser in good faith, &c. The Court refused so to charge, and the Defendant's counsel excepted.

The Defendant's counsel further requested the Court to charge, that if the sale was only intended as a security, then it was not within the protection of the statute, although in good faith. The Court refused, and Defendant excepted.

The Court charged the jury that it was necessary, to charge the property with the lien of the execution, that the Defendant should show, and the jury should find, that the Plaintiff had notice, in some form, of the issuing of the execution ; that notice of the judgment was not sufficient ; that if the bill of sale was intended as a security for endorsing the notes, and was without other consideration, yet if the same was in good faith, before levy, and without notice of the issuing of the execution, the

Plaintiff's right to the goods would be superior to that of the sheriff under the execution. To which several rulings, the Defendant's counsel excepted.

The jury found a verdict for the Plaintiff.

The Defendant moved, at Special Term, to set aside the verdict, which was granted, unless the Plaintiff stipulated to remit a portion of the damages found by the jury.

The Plaintiff gave the stipulation required, and entered judgment for the residue, from which the Defendant appealed; and after affirmance by the General Term, appealed to this Court.

*Davis & Piper* for Respondent.

*P. L. Ely* for Appellant.

Grover, J.—There was no exception to any ruling of the Court, upon the question of damages, taken upon the trial. No such question can therefore be entertained by this Court. It was competent for the Special Term, in case the damages found were excessive, to order a new trial, unless the excess was remitted by the Plaintiff, and in that event, to deny it. The action of the Special Term in that respect, under the facts of this case, cannot be reviewed here. At common law an execution bound the personal property of the Defendant, from its teste, even against a bonâ fide purchaser (Cro. Eliz. 174; Audley *v.* Halsey, Cro. Car. 148). This was altered by 29th Car. 2, ch. 3, § 16, making such purchase valid, if made before the delivery of the writ to the sheriff. Section 13 (2 R. S. 365) provides that the goods and chattels of a debtor shall be bound only from the time of the delivery of an execution to be executed. Section 17 provides that the title of any purchaser in good faith, of any goods or chattels acquired prior to the actual levy of any execution, without notice of such execution being issued, shall not be divested by the fact that such execution had been delivered to the officer prior to such purchase. The exceptions in the present case present the question whether the consideration was such as to constitute the Plaintiff a purchaser in good faith, within the meaning of the statute. There was no conflict in the evidence upon that point. The Plaintiff

had become surety for the payment for the goods, upon the purchase by the execution debtors. He agreed, upon his purchase of their interest from them, to pay this indebtedness, and to indemnify them against it. He thus assumed a new liability. He became the principal debtor, instead of surety for others. The assumption of a new liability has always been held a sufficient consideration to constitute the party assuming it a purchaser in good faith. The requests of the Defendant's counsel to charge upon this point were properly denied, upon the ground that the proof did not warrant the submission of any question to the jury upon this point.

The same answer may be given to the charge as given. The Judge would have been warranted by the proof in directly charging the jury that the consideration was sufficient.

It was not possible that the Defendant could have been prejudiced by the charge in this respect.

It is insisted by the Plaintiff's counsel that a transfer of property to secure an antecedent debt, is a sufficient consideration within the statute; and the counsel cites Birdseye *v.* Ray (4 Hill, 158; and same case, 5th Denio, 619) in support of this proposition. The opinion of Nelson, J., as reported in Hill, sustains it; but the case was decided upon another ground. It was controverted by the Chancellor in Denio, but the point was not passed upon by the Court. The question cannot be regarded as settled by this case, as adjudged in either court. Although the question is not necessarily involved in the present case, I will remark that I can see no reason, either in principle or upon authority, why any consideration should make a purchase bonâ fide under this statute, that will not have the same effect in any other case, when necessary to sustain a title, on account of a defect in that of the vendor. The charge upon the question of notice of the issuing of the execution to the Plaintiff, presents a nicer question. The charge implies that the onus was upon the sheriff to prove that the Plaintiff had notice of the issuing of the execution at the time of the purchase.

We have seen that the lien attaches upon the delivery of the

execution to the officer for collection; that this lien is valid against all but purchasers in good faith, without notice.

It would seem to follow that the onus was upon the purchaser to establish all the facts essential to show his title valid against the lien. This he does primâ facie when he shows a purchase in the ordinary course of business. The statute was passed before parties were competent witnesses in their own behalf. Under such circumstances it would have been impossible for the Plaintiff to prove a want of knowledge of the delivery of the execution. The Defendant, upon this point, holds the affirmative, and it is a general rule of evidence that a party alleging the affirmative must prove the fact. To this rule there are some exceptions, but this, I think, does not come within them.

It is a well-settled rule in equity, that when notice of some fact will subvert a title, valid in its absence, such notice must be proved by the party alleging it, although in pleading his title notice must be denied.

My conclusion is, that the charge in this respect was correct, and that the judgment must be affirmed.